# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TONYA MANGELS, | ) |
|                         Plaintiff, | ) |
| v. | )    No. 19-00834-CV-W-BP |
| AMERICAN MULTI-CINEMA, INC., | ) |
|                        Defendant. | ) |

## ORDER GRANTING PARTIES' JOINT MOTION FOR PROTECTIVE ORDER

Now before the Court is the parties' Joint Motion for Protective Order. (Doc. 20.) After careful consideration, the Court **GRANTS** the parties' motion and, pursuant to the parties' consent and agreement, enters the following protective order:

    1.    **Purpose of the Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Order is necessary to protect the parties and other persons from annoyance and embarrassment. Discovery in this case may seek private and confidential information concerning the parties and non-parties.

    2.    **Confidential Information**. The above-named parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential. The parties have agreed that this shall include: (a) confidential income, tax, and compensation records; (b) the personnel and human resources files of current and former employees of Defendant; (c) email correspondence and communications pertaining to proprietary, financial or trade secret information of any person or entity; sensitive operational matters; and (d) medical, psychological

and/or counseling records of any person.  The above-described Confidential Information may be designated as "Confidential."  This Order shall not apply to information that is available to the public or to information that is lawfully obtained from sources other than the parties through the discovery process.

3. **Designating Documents and Discovery Answers as Confidential.**  Any party to this action may designate as "Confidential" documents and responses to interrogatories, requests for admissions, or requests for production of documents produced after entry of this Order by stamping or labeling the documents or responses with the word "Confidential."  Documents or responses shall not be treated as confidential pursuant to this Order unless they are stamped or labeled as "Confidential."  The failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.  Unless otherwise ordered by the Court or stipulated by the parties, only subjects enumerated in Paragraph 2 may be designated as Confidential.

Parties to this action may designate Confidential Information in deposition testimony by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraph 2.  Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.  There shall be no need to re-designate deposition exhibits which have previously been designated as confidential.

4. **Disclosure of Confidential Information**. Any documents, designated portions of deposition testimony, or responses to interrogatories, requests for admission, or requests for production of documents which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

(a) The parties;

(b) Their counsel, counsel's legal and clerical assistants, and staff;

(c) Deponents, witnesses or potential witnesses;

(d) Court personnel, including court reporters, persons operating video recording equipment at depositions, jury members, mediators, and any special master or mediator appointed by the Court;

(e) Any independent document reproduction services or document or video recording and retrieval services; and

(f) Any expert witness or outside consultant retained or consulted by the parties.

The parties and their counsel shall not be responsible for any noncompliance with the terms of this Order and agreement attributable to persons identified in paragraph 4(a) - (f) above, provided that the "confidential" materials have been properly provided to such individuals and that such individuals have not been advised or encouraged by counsel to any party, or any party to this action to ignore or otherwise disregard the terms and provisions of this Order.

5. **Agreement of Witnesses.** If the non-designating party discloses Confidential Information to a person specified in paragraph 4(c), counsel for the non-designating party shall

inform the witness that the information is confidential, subject to a protective order, and should not be disclosed outside of this litigation.

6. **Disputes Concerning Designation(s) of Confidential Information.** In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party claiming the confidentiality designation may apply for appropriate relief to this Court within 21 days of the other party's final confirmation in writing that an informal resolution is not possible. The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment. If the party seeking confidentiality applies for appropriate relief within the 21-day timeframe, all persons shall treat the designated information in accordance with its designation until the issues are resolved by the Court or otherwise. In the absence of applying for appropriate relief within the 21-day timeframe, the challenged information will no longer be considered "Confidential." Any disputes regarding the designation of "confidential" information shall be presented to the Court in the manner prescribed in Local Rule 37.1, and compliance with that rule shall be sufficient for purposes of applying for appropriate relief within the 21-day timeframe.

7. **Use of Confidential Information.** Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose. The parties do not waive any right to object at trial to the admissibility of any document which falls under the scope of this Order.

8. **Disclosure of Privileged Information.** Nothing in this Order shall require disclosure of any material that counsel contends is protected from disclosure by the attorney-client

privilege, work-product doctrine immunity or any other legally recognized privilege. The production of any document or information during discovery shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, work-product doctrine or any other legally recognized privilege, and the designating party shall not be held to have waived, in whole or in part, any rights by such production.

The parties agree that if privileged information is disclosed during discovery, regardless of the form, the recipient of the privileged information will return the privileged information to the producing party and destroy all copies of the privileged information. If the claim of privilege is disputed, the non-producing party agrees to refrain from further examination or use of the potentially privileged information until the dispute is resolved.

9. **Confidential Information at Trial.**  Subject to the Rules of Evidence and Rules or Orders of this Court, Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives opposing counsel meaningful notice and the opportunity to address the need for continued confidentiality with the Court.  Any party may move the Court for an order that the Confidential Information be received *in camera* or under such other conditions as are necessary to prevent disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection may be afforded such information at the trial.  The designating party may, at its option, choose to remove the designation of "Confidential" prior to publication to the trier of fact.  If the designating party so chooses, it will be responsible for reasonable costs associated with redacting such designation.

10. **No Admission.** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, admissibility, or discoverability of any document, material, transcript, or other information.

**IT IS SO ORDERED.**

Date: March 25, 2020

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT