IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TONYA MANGELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-00834-BP |
| | ) |
| AMERICAN MULTI-CINEMA, INC., | ) |
| | ) |
| Defendant. | ) |

### AMENDED RULE 30(b)(6) DEPOSITION NOTICE *DUCES TECUM* FOR AMERICAN MULTI-CINEMA, INC.

**PLEASE TAKE NOTICE** that at **9:00 a.m.** on **March 31, 2021**, at OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., 4520 Main Street, Suite 400, Kansas City, MO 64111, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Plaintiff will take the deposition of one or more representatives of American Multi-Cinema, Inc. (hereinafter "Defendant" or "AMC" or "you" or "your" below) before a notary public or other officer authorized by law to administer oaths either by federal law or by the law in the place of examination. The deposition will be recorded by audiovisual and stenographic means by a court reporter and videographer certified to record depositions, and is intended to be used for all lawful and proper purposes, including use at trial as evidence. The deposition will begin on the date and time listed above and will continue from time to time until completed.

### DEPOSITION TOPICS

AMC is hereby commanded, pursuant to Rule 30(b)(6), to designate a corporate representative, officer, director, managing agent, and/or other person ("Representative") to testify on the following matters:

1. The identity of every person responsible for investigating the following matters:

   a. Any request by Plaintiff to increase her compensation prior to Plaintiff filing a charge of discrimination;
   b. Any report or complaint that Defendant discriminated or retaliated against Plaintiff on any basis prior to Plaintiff filing a charge of discrimination;
   c. Plaintiff's charge of discrimination filed on or about May 2, 2019;
   d. Any report or complaint that Defendant discriminated or retaliated against Plaintiff on any basis after Plaintiff filed her May 2, 2019 charge of discrimination;
   e. Any belief at any time that Plaintiff may have engaged in inappropriate behavior or violated a company policy;

f. Any belief at any time that Michael Pursell may have engaged in inappropriate behavior or violated a company policy;
g. Any belief at any time that an AMC employee other than Plaintiff informed anyone about details related to AMC's August 20, 2019 reduction in force ("RIF"); and/or,
h. Any circumstances supporting Plaintiff's termination.

(Items 1(a) though 1(d) above are referred to collectively below as the "**INVESTIGATIVE MATTERS**").

2. The identity of all persons interviewed in connection with investigating the **INVESTIGATIVE MATTERS**, and the general substance of those interviews.

3. The nature of all files, documents, diaries, notes, journals, emails, recitals, statements, reports, communications, text messages, interoffice/instant messaging communications, recordings, and other memoranda maintained by you, your employees, your contractors, or your agents that concern, reference, or were otherwise generated in connection with your investigation into any of the **INVESTIGATIVE MATTERS.**

4. The general process through which AMC investigated the **INVESTIGATIVE MATTERS.**

5. The nature and content of any audits, reports, studies, surveys, spreadsheets, evaluations, or guidance generated by you (or any third party hired by you) since May 2, 2009, and that reference or reflect any effort by you to assess: (1) the monetary value of any officer-level positions within AMC, or (2) the compensation paid to male and female officers at AMC.[1]

6. The nature and content of any files, documents, diaries, notes, journals, emails, recitals, statements, reports, communications, text messages, interoffice/instant messaging communications, and other memoranda maintained by you, your employees, your contractors, or your agents that concern or reference any investigation undertaken by you—at any time prior to May 2, 2019—in order to assess whether you were engaging in wage discrimination or a potential violation of the Equal Pay Act at 29 U.S.C. § 206, *et seq.*

7. The nature and general content of any internal, employee complaints about matters of sex discrimination, wage discrimination, retaliation involving a complaint of sex discrimination, or retaliation involving a complaint of wage

---

[1] For purposes of this topic, Plaintiff is proceeding on the belief that her position was an "officer-level" position at AMC. Whether or not AMC agrees with that view, this topic is also intended to cover any managerial positions comparable to Plaintiff's positions during her employment at AMC.

discrimination (whether or not such complaints were submitted anonymously) since May 2, 2009.

8. The nature and general content of any charges of discrimination or civil lawsuits filed against you (or any of your affiliated companies) since May 2, 2009, and that reference matters of sex discrimination, wage discrimination, retaliation involving a complaint of sex discrimination, or retaliation involving a complaint of wage discrimination.

9. The existence of, present custodian of, and search conducted for, all documents bearing upon the matters referenced in Topic Nos. 1 through 8 above.

## *DUCES TECUM* REQUESTS

Pursuant to Rule 30(b)(2) and Rule 34, AMC is requested to produce the following documents and things at the time of the deposition:

1. All documents not already produced to date that your designee(s) intend to reference, discuss, and/or rely upon while testifying in response to the topics specified above.

Respectfully submitted,

**BEAVER LAW FIRM, LLC**

/s/ Chad C. Beaver

_____
Chad C. Beaver        MO Bar No. 54141
(816) 226-7750 | Office
(816) 817-0540 | Fax
cbeaver@beaver-law.com
1600 Genessee Street, Suite 920
Kansas City, Missouri 64102
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2021, a copy of the above and foregoing document was served by:

(_X_) Filing it with the Court's CM/ECF system;
(__) U.S. Mail, postage-prepaid;
(__) Facsimile;
(__) Email;
(__) Federal Express; and/or,
(__) Hand delivery, upon:

Kerri S. Reisdorff
Chris R. Pace
AnnRene Coughlin
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111
(816) 471-1301
(816) 471-1303 (Facsimile)
kerri.reisdorff@ogletree.com
chris.pace@ogletree.com
annrene.coughlin@ogletree.com
ATTORNEYS FOR DEFENDANT

/s/ Chad C. Beaver
_____
ATTORNEYS FOR PLAINTIFF