IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TONYA MANGELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-00834-BP |
| | ) |
| AMERICAN MULTI-CINEMA, INC., | ) |
| | ) |
| Defendant. | ) |

## AMENDED RULE 30(b)(6) DEPOSITION NOTICE *DUCES TECUM* FOR AMERICAN MULTI-CINEMA, INC.

**PLEASE TAKE NOTICE** that at **9:00 a.m.** on **April 6, 2021**, at OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., 4520 Main Street, Suite 400, Kansas City, MO 64111, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Plaintiff will take the deposition of one or more representatives of American Multi-Cinema, Inc. (hereinafter "Defendant" or "AMC" or "you" or "your" below) before a notary public or other officer authorized by law to administer oaths either by federal law or by the law in the place of examination. The deposition will be recorded by audiovisual and stenographic means by a court reporter and videographer certified to record depositions, and is intended to be used for all lawful and proper purposes, including use at trial as evidence. The deposition will begin on the date and time listed above and will continue from time to time until completed.

## DEPOSITION TOPICS

AMC is hereby commanded, pursuant to Rule 30(b)(6), to designate a corporate representative, officer, director, managing agent, and/or other person ("Representative") to testify on the following matters:

1. The identity of every person responsible for investigating the following matters:

    a. Any request by Plaintiff to increase her compensation prior to Plaintiff filing a charge of discrimination on May 2, 2019;
    b. Any report or complaint that Defendant discriminated or retaliated against Plaintiff on any basis prior to Plaintiff filing a charge of discrimination on May 2, 2019;
    c. Plaintiff's charge of discrimination filed on or about May 2, 2019;
    d. Any report or complaint that Defendant discriminated or retaliated against Plaintiff on any basis between the date of her May 2, 2019 charge of discrimination and the date of her termination on September 30, 2019;

e. Any belief at any time that Plaintiff may have engaged in inappropriate behavior or violated a company policy prior to the date of her termination on September 30, 2019;

f. Any belief that Michael Pursell may have engaged in inappropriate behavior or violated a company policy, and that led to Mr. Pursell's written warning in 2018;

g. Any belief formed prior to the date of Plaintiff's termination on September 30, 2019 that an AMC employee other than Plaintiff informed anyone about details related to AMC's August 20, 2019 reduction in force ("RIF"); and/or,

h. Any circumstances supporting Plaintiff's termination, and that were known to AMC prior to the date of Plaintiff's termination on September 30, 2019.

(Items 1(a) though 1(d) above are referred to collectively below as the "**INVESTIGATIVE MATTERS**").

2. The identity of all persons interviewed in connection with investigating the **INVESTIGATIVE MATTERS**, and the general substance of those interviews.

3. The general nature of all files, documents, diaries, notes, journals, emails, recitals, statements, reports, communications, text messages, interoffice/instant messaging communications, recordings, and other memoranda maintained by you, your employees, your contractors, or your agents that concern, reference, or were otherwise generated in connection with your investigation into any of the **INVESTIGATIVE MATTERS**, and that have not been produced to date.

4. The general process through which AMC investigated the **INVESTIGATIVE MATTERS.**

5. The general nature and content of the analyses produced in this case at Beg Nos. AMC-Mangels-000150, AMC-Mangels-000197, AMC-Mangels-000198, and AMC-Mangels-001611, and the general nature and content of any other audits, reports, studies, surveys, spreadsheets, evaluations, or guidance generated by you (or any third party hired by you) since May 2, 2009, and that reference or reflect any effort by you to collectively assess: (1) the overall monetary value of the Vice-President level positions within AMC, or (2) the overall compensation collectively paid to male and female Vice Presidents at AMC. (This topic is not intended to cover isolated, periodic analyses of individual, Vice-President roles if they were considered on an ad-hoc basis.)

6. The nature and general content of any internal and external complaints of sex discrimination, unequal pay based on sex, or retaliation based on the same, from employees who work at AMC's theatre support center (HQ), filed between 1/1/2014 - 12/31/2019.

2

## *DUCES TECUM* REQUESTS

Pursuant to Rule 30(b)(2) and Rule 34, AMC is requested to produce the following documents and things at the time of the deposition:

1. All documents not already produced to date that your designee(s) intend to reference, discuss, and/or rely upon while testifying in response to the topics specified above.

Respectfully submitted,

**BEAVER LAW FIRM, LLC**

/s/ Chad C. Beaver

_____
Chad C. Beaver       MO Bar No. 54141
(816) 226-7750 | Office
(816) 817-0540 | Fax
cbeaver@beaver-law.com
1600 Genessee Street, Suite 920
Kansas City, Missouri 64102
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2021, a copy of the above and foregoing document was served by:

(_X_) Filing it with the Court's CM/ECF system;
(__) U.S. Mail, postage-prepaid;
(__) Facsimile;
(__) Email;
(__) Federal Express; and/or,
(__) Hand delivery, upon:

Kerri S. Reisdorff
Chris R. Pace
AnnRene Coughlin
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111
(816) 471-1301
(816) 471-1303 (Facsimile)
kerri.reisdorff@ogletree.com
chris.pace@ogletree.com
annrene.coughlin@ogletree.com
ATTORNEYS FOR DEFENDANT

/s/ Chad C. Beaver
_____
ATTORNEYS FOR PLAINTIFF