IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TONYA MANGELS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-CV-00834-BP |
| AMERICAN MULTI-CINEMA, INC., | ) ) ) |
| Defendant. | ) ) |

### DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER TO ADD AFFIRMATIVE DEFENSE OF AFTER-ACQUIRED EVIDENCE AND INTEGRATED MEMORANDUM IN SUPPORT

Defendant American Multi-Cinema, Inc. ("AMC"), pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15.1, files this Motion for Leave to Amend Answer to Add Defense of After-Acquired Evidence (the "Motion"). Specifically, Defendant obtained additional information through Plaintiff's deposition, taken on March 25, 2021, which provides the basis for an additional affirmative defense based on after-acquired evidence by the Defendant.[1] Consequently, AMC asks the Court to grant its Motion.

In support of its motion, Defendant states as follows:

**Background**

1. Plaintiff filed this lawsuit alleging claims of discrimination and retaliation against Defendant, to which Defendant timely filed its Answer and Affirmative Defenses on January 17, 2020. (Docs 5, 6.) Paragraph 16 of Defendant's Affirmative and Other Defenses reserved "the right to assert other or further defenses which may become known during the course of discovery during this action, including the defense of after-acquired evidence." (Doc. 6, p. 41 at ¶ 16.)

---

[1] Defendant's proposed Amended Answer and Affirmative Defenses is attached as Exhibit A.

1

2. In her responses to Defendant's written discovery requests served in July 2020, Plaintiff attested that she "is not presently seeking any lost wages for the time period after her re-employment … on February 17, 2020." Plaintiff then reserved the right to modify her position "if her present employment changes." (Doc. 28; Exh. B: Excerpt from Plaintiff's Objections and Responses to Defendant's First Interrogatories, No. 13). Prior to Plaintiff's deposition on March 25, 2021, Plaintiff had not supplemented her response to Interrogatory No. 13.

3. In July 2020, Plaintiff produced sixteen (16) audio recordings of business meetings with various employees of Defendant during her employment. (Doc. 28; Exh. C: Except from Plaintiff's Objections and Responses to Defendant's First request for Production of Documents to Plaintiff, Request Nos. 13-15, 21).

4. During Plaintiff's recent deposition, Plaintiff testified that she has been notified that the employment referenced in her response to Interrogatory No. 13 will soon be terminated. She further testified that she is reserving her right to claim or seek economic damages in this lawsuit as result of her imminent separation of employment. (Exh. D: Excerpt from Plaintiff's Deposition: 91:7-25; 92:1; 95:23-35; 96:1-14.)

5. To date, Plaintiff has not served a supplemental response to Interrogatory No. 13, nor otherwise put Defendant on notice as to whether, and to what extent, she will be seeking economic damages or reinstatement in this lawsuit following her imminent separation from employment. Based on this failure and the Scheduling Order, Defendant believes it is prudent to file this motion seeking to affirmatively plead this defense in the event Plaintiff seeks to modify or amend her response to Interrogatory No. 13 in the future thereby triggering the applicability of Defendant's after-acquired evidence defense.

6. During Plaintiff's deposition, Defendant was able to confirm material facts from Plaintiff that establish Defendant would have terminated Plaintiff's employment had Defendant known those facts during her employment. Specifically, Plaintiff admitted the following:

(a) Each of Plaintiff's sixteen (16) secret recordings made over a span of sixteen (16) months violated Defendant's written policies in effect at the relevant time.

(b) Plaintiff did not obtain permission from anyone at Defendant prior to, during, or after her secret recording.

(c) Plaintiff's secret recordings contain confidential and sensitive information related to Defendant's business, marketing strategies, and personnel decisions and information and Plaintiff testified that she took no steps to ensure that she did not secretly intercept such confidential and sensitive business information. Plaintiff continued to possess Defendant's confidential and sensitive business information during her employment with a competitor of Defendant.

(d) Plaintiff has no information to suggest that Defendant was aware of her sixteen (16) separate policy violations prior to discovery in this lawsuit and that she conducted her secret recordings in a manner to ensure that her policy violations were not discovered by Defendant during her employment (including at least one false statement to Defendant).

(e) Plaintiff is unaware of any other officer of Defendant—or any employee of Defendant—who has secretly recorded any business discussion in violation of Defendant's written policies.

(Exh. D: 137:18-25; 138:1-2; 145:12-25; 146:1-17; 148:5-11; 150:11-25; 151-152; 153:1:23; 156:3-25; 157:1-24; 159:17-25; 364:22-25; 365:1-24.)

## Legal Standard & Argument

7. The United States Supreme Court in *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995), a case that involved allegations of unlawful employment discrimination, held that where an employer can show it would have terminated the employee for wrongdoing if it had known of the employee's wrongdoing at the time, the employee's remedies for unlawful discrimination are limited. Specifically, the *McKennon* Court held that where, after termination, it is discovered that a plaintiff engaged in wrongdoing during employment generally neither

3

reinstatement nor back/front pay from the date the misconduct is discovered by the defendant is an appropriate remedy. *Id.* at 362; *see also Sellers v. Mineta*, 358 F.3d 1058, 1061–62 (8th Cir. 2004) (applying the after-acquired evidence rule to Title VII cases).

8. Federal Rule of Civil Procedure 15 states that "a party may amend the parties' pleading … by leave of court" and that "leave shall be freely given when justice so requires." *See, e.g., Hoellering v. Nordyne, Inc.*, 202 F.R.D. 259 (W.D. Mo. 2001) (granting defendant's motion to amend answer to assert additional affirmative defense).

9. "[D]enial of leave to amend a pleading is appropriate **only in those limited circumstances** in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (emphasis added).

10. Defendant does not propose this amendment in bad faith or for any improper purpose, and Plaintiff will not be prejudiced by the addition of this affirmative defense as the parties are still in the discovery phase of the case.

11. Defendant also has acted timely following the disclosure by Plaintiff that her separation from employment is imminent and that she may amend her response to Interrogatory No. 13 to affirmatively seek economic damages and/or reinstatement during a period that would be directly applicable to Defendant's after-acquired evidence defense.

**Conclusion**

12. There is good cause for this amendment, and no evidence of bad faith, futility, or undue delay from Defendant. Defendant has not previously requested any amendments to its answer. A copy of the proposed Amended Answer that Defendant seeks to file is attached to this motion as Exhibit A.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests this Court grant its Motion to Amend Answer to Assert Defense of After-Acquired Evidence and for such further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/  Kerri S. Reisdorff
Kerri S. Reisdorff    MO #51423
Chris R. Pace    MO #47344
AnnRene Coughlin    MO #67962
4520 Main Street, Suite 400
Kansas City, MO  64111
(816) 471-1301
(816) 471-1303 (*Facsimile*)
kerri.reisdorff@ogletree.com
chris.pace@ogletree.com
annrene.coughlin@ogletree.com

**ATTORNEY FOR DEFENDANT**

5

Case 4:19-cv-00834-BP   Document 66   Filed 04/09/21   Page 5 of 6

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of April 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Chad C. Beaver
Beaver Law Firm, LLC
1600 Genessee Street, Suite 920
Kansas City, MO 64102
(816) 226-7750
(816) 817-0540 (*Facsimile*)
cbeaver@beaver-law.com

**ATTORNEY FOR PLAINTIFF**

/s/ Kerri S. Reisdorff
**ATTORNEY FOR DEFENDANT**

46702103.1

6

Case 4:19-cv-00834-BP   Document 66   Filed 04/09/21   Page 6 of 6