IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TONYA MANGELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 19-00834-CV-W-BP |
| | ) | |
| AMERICAN MULTI-CINEMA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On April 16, 2021, the Court held a telephone conference regarding a discovery dispute between the parties. The Court will briefly summarize the facts underlying the dispute. This is an employment discrimination case; Plaintiff contends that she suffered disparate treatment due to her sex when employed with Defendant. In 2019, Plaintiff filed an EEOC Charge of Discrimination, which caused Defendant to retain counsel and investigate Plaintiff's claims (the "EEOC Investigation"). In the course of the EEOC Investigation, Defendant's employees communicated with Defendant's in-house and outside counsel. Plaintiff later filed this suit, and Defendant asserted in its Answer that it acted in good faith toward Plaintiff, among other affirmative defenses. During discovery, Defendant designated some of the communications stemming from the EEOC Investigation as protected under the attorney-client privilege and/or the work-product doctrine, and also advised its human resources corporate representatives not to testify about the investigation during their depositions.

Plaintiff now claims that Defendant waived its right to assert that information relating to the EEOC Investigation is protected because it placed the adequacy of the investigation at issue by claiming that it acted in good faith toward Plaintiff. The Court has conducted an *in camera* review of the communications at issue, and finds that they are within the scope of the attorney-

client privilege and/or the work-product doctrine, because they were made between Defendant and its attorneys for purposes of receiving legal advice, and contain the attorneys' mental impressions and legal theories throughout. *See, e.g., United States v. Spencer,* 700 F.3d 317, 320 (8th Cir. 2012) ("The attorney-client privilege protects confidential communications between a client and his attorney made for the purpose of facilitating the rendering of legal services to the client."); *Baker v. GMC (In re GMC)*, 209 F.3d 1051, 1054 (8th Cir. 2000) ("Opinion work product includes counsel's mental impressions, conclusions, opinions or legal theories . . . [and] enjoys almost absolute immunity . . . .").

Thus, unless Defendant waived its privilege, the material relating to the EEOC Investigation is protected from disclosure. And the Court disagrees with Plaintiff's theory that Defendant waived its privilege. In the cases Plaintiff cites to support her position, the employer had asserted a defense under which conducting an adequate investigation was a complete defense to the plaintiff's claims. For example, in *Harding v. Dana Transp.*, the plaintiff asserted sexual harassment claims under Title VII's "hostile or offensive work environment" provision, 42 U.S.C. § 2000e-2. And under that provision, if an employee asserts a *prima facie* case under that provision, "an employer may avoid liability if its procedures for investigating and remediating alleged discrimination are sufficiently effective." 914 F. Supp. 1084, 1094 (D. N.J. 1996). Thus, the court held that it would be unfair for an employer to "provide[] the *fact* of an investigation while seeking to prohibit any probing into its substance." *Id.*; *see also EEOC v. Woodmen of the World Life Ins. Soc'y*, 2007 U.S. Dist. LEXIS 21574, at *16–20 (D. Neb. March 23, 2007) (no waiver of privilege where the defendant did not rely on the fact that its investigation found no evidence of discrimination); *Escamilla v. Sms Holdings Corp*., 2011 U.S. Dist. LEXIS 170105 (D. Minn. June 28, 2011) (cases where the employer waived its privilege "stand for the proposition

2

that an employer cannot use the attorney-client privilege or the work product doctrine to conceal its investigations and remedial efforts, while at the same time relying on these investigations to support its invocation of the *Ellerth/Faragher* affirmative defense to avoid liability on an employee's claims of sexual harassment.").

Here, by contrast, Defendant has explicitly disclaimed any potential *Ellerth/Faragher* defense, and the affirmative defenses it *has* raised are little more than denials of wrongful conduct which do not place the adequacy of the EEOC Investigation at issue. Therefore, the Court finds that Plaintiff is not entitled to access the communications stemming from the Investigation, and that Defendant did not act improperly when it instructed its corporate representatives not to answer questions about the Investigation.

**IT IS SO ORDERED.**

DATE: May 4, 2021

 /s/ Beth Phillips  
BETH PHILLIPS, CHIEF JUDGE  
UNITED STATES DISTRICT COURT