IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TONYA MANGELS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 19-00834-CV-W-BP |
| ) | |
| AMERICAN MULTI-CINEMA, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO SEAL

Defendant American Multi-Cinema, Inc. has filed a motion to seal or redact its Statement of Material Facts supporting its Motion for Summary Judgment, along with several exhibits thereto. (Doc. 92.) Defendant also filed documents under seal before the Court ruled on its motion, with the understanding that the Court could subsequently direct it to unseal some of that material. (*See* Doc. 94 and exhibits.)

The public has a presumptive right of access to judicial records, and a party seeking to file a document under seal must present "salutary interests served by maintaining confidentiality of the information sought to be sealed" that override "the public's generalized interest in access." *IDT Corp v. eBay, Inc.*, 709 F.3d 1220, 1223 (8th Cir. 2013). In order to protect that right, the Court asked Defendant to (1) propose redactions to its suggestions and any exhibits it wished to file under seal and (2) to the extent it believed that any exhibits should remain wholly under seal, explain why. Defendant subsequently proposed redactions to 20 of the exhibits as well as its Statement of Material Facts, and indicated in correspondence with the Court that it does not believe any other material should be sealed. In its communication with the Court, Defendant clarified that it wishes to protect two categories of confidential information: (1) information related to an alleged romantic relationship involving a non-party to this case and (2) the deposition testimony of

Defendant's CEO, Adam Aron, in which Aron discusses the salaries of several of Defendant's executives who are non-parties. The Court will discuss each of these categories of information in turn.

With respect to the redactions related to the alleged romantic relationship, the Court finds that the parties' "salutary interests" in keeping information about the alleged relationship confidential outweighs the "public's generalized right of access." *IDT Corp v. eBay, Inc.*, 709 F.3d 1220, 1223 (8th Cir. 2013). The Court has conducted an *in camera* review of Defendant's proposed redactions to its Statement of Material Facts and exhibits, and finds that they are no more extensive than necessary to prevent the alleged details of that relationship from public viewing, with two exceptions:

- First, Defendant proposes redacting lines 18–25 on page 183 of Exhibit 4[1]—the deposition of Stephen Colanero. In these lines, Colanero discusses Plaintiff's belief that she should have been paid more while working for Defendant, without going into detail. Given that Plaintiff has sued under the Equal Pay Act, (*see* Doc. 1, ¶ 4), the mere fact that Plaintiff believes she was not paid enough is already on the public record, and does not justify redacting these lines.
- Second, Defendant proposes redacting every page of Exhibit 40—a chain of email communications involving Plaintiff. However, only the material in small text on the fourth and fifth pages of the exhibit contains arguably sensitive information; the remainder consists of Plaintiff's description of the work she did for Defendant and other innocuous material. Because this information does not appear to be confidential or sensitive, it should not be redacted.

---

[1] This refers to the page number of the underlying deposition; it corresponds to (Doc. 94-4, p. 23) of the document Defendant filed under seal.

In addition to Defendant's Statement of Material Facts and exhibits, Plaintiff has requested, through correspondence with the Court, that Defendant redact those portions of its Suggestions in Support of its Motion for Summary Judgment[2] referring to the alleged romantic relationship. Defendant has indicated that it opposes this request. After conducting an *in camera* review of Defendant's Suggestions, the Court finds that a few portions contain detailed discussions of the alleged romantic relationship, and as such, should be sealed to protect the privacy interests of the alleged participants. Therefore, the Court orders Defendant to redact pages 52–53, footnote 33 on page 59, and pages 63–64 of its Suggestions.[3]

With respect to Adam Aron's deposition testimony, Defendant does not explain precisely why it believes this testimony must remain confidential. Defendant's Motion to Seal references "discussion of compensation information related to the Plaintiff (and third parties)," as well as "investigation files." (Doc. 92, pp. 1–2.) But Aron's testimony on these subjects—at least in the excerpts of the deposition Defendant seeks to file—is extremely vague, and does not appear to reveal any confidential information. Aron mentions the relative compensation of several of Defendant's executives, but without going into detail, and only to indicate that these executives had a more prominent role in the company than Plaintiff. And much of Aron's testimony is simply to the effect that he does not recall the details of Plaintiff's employment with Defendant. (*See generally* Doc. 94-10.) Therefore, the Court finds that Defendant has not shown why this information should be sealed or redacted, and declines to do so.

In sum, Defendant's Motion to Seal, (Doc. 92), is **GRANTED IN PART**; Defendant is instructed to file in the public record (1) its Statement of Material Facts with the proposed

---

[2] The suggestions are part of the same document as the Statement of Material Facts.
[3] These ranges refer to the document's internal numbering, rather than the page numbers generated by the Court's CM/ECF system.

redactions, (2) its Suggestions in Support with the redactions listed above, and (3) all of the exhibits for which it has proposed redactions in the public record, except for Aron's testimony; the unredacted versions of these documents shall remain under seal; and the remaining exhibits, including Aron's testimony—namely, exhibits 6–19, 21–29, 34, 37, 41, 45–51, and 53–63 to (Doc. 94)—are unsealed.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE: July 16, 2021
UNITED STATES DISTRICT COURT